UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA MCENROE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T MOBILITY SERVICES LLC,<br><br>　　　　Defendant. | Case No. 15-cv-02190-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Pending before the Court is Defendant AT&T Mobility Services LLC's motion to dismiss Plaintiff Sara McEnroe's complaint. For the reasons articulated below, the motion is GRANTED IN PART and DENIED IN PART.

**I.　BACKGROUND**

The following facts are alleged in Plaintiff's complaint and taken as true for purposes of this motion.

Plaintiff was hired by Defendant in November 2007 as a "Sales Representative." Dkt. No. 1 ("Complt.") ¶ 8. Beginning in January 2008, Plaintiff was repeatedly verbally and physically harassed by her supervisor, Farooq Syed. *Id.* ¶¶ 10-15. Plaintiff reported Mr. Syed's actions to Defendant, but she continued to have to work shifts with him, sometimes without others present. *Id.* ¶ 17. "As a consequence of the hostility that Syed displayed to [Plaintiff], . . . [Plaintiff] began to suffer anxiety attacks, emotional breakdowns, and inability to sleep." *Id.* ¶ 19. In September 2008, Plaintiff went on disability leave due to the anxiety caused by working in a hostile environment with Mr. Syed. *Id.*

Plaintiff subsequently returned to work, but the situation did not improve and she went on a second disability leave in March 2009. *Id.* ¶ 23. Plaintiff's physician submitted documentation

to Defendant regarding Plaintiff's medical condition. *Id.* ¶ 24. On September 19, 2009, while she was still on medical leave, Defendant terminated Plaintiff's employment "based on her unexcused absences." *Id.* ¶¶ 32-33. Sometime "[a]fter her termination, [Plaintiff] filed a second grievance with the Union, as required by the relevant Collective Bargaining Agreement, . . . for wrongful termination." *Id.* ¶ 34. On November 14, 2014, Plaintiff "received the final word from her Union that her request for appeal on her claim of wrongful termination had been denied." *Id.* ¶ 37.

Plaintiff's alleged sexual harassment and unlawful termination have been the subject of lawsuits other than this one. On February 8, 2011, Plaintiff filed a sexual harassment complaint against Defendant. Dkt. No. 11, Ex. D.[1] On August 16 2012, Plaintiff filed a lawsuit for breach of the duty of fair representation against the Union with respect to her sexual harassment grievance. *Id.* Ex. H. On August 27, 2014, Plaintiff amended her complaint to encompass the breach of the Union's duty of fair representation with respect to Plaintiff's termination grievance. *Id.* Ex. C.

Plaintiff filed the present action in Sonoma County Superior Court on April 14, 2015, and Defendant removed the case to this Court on May 15, 2015. In her complaint, Plaintiff alleges two causes of action: (1) termination of employment in violation of public policy; and (2) breach of contract. *Id.* ¶¶ 39-58. Defendant moves to dismiss both of Plaintiff's claims as time-barred under the relevant statutes of limitation.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

---

[1] Defendant asks the Court to take judicial notice of a variety of documents. Dkt. No. 11. The Court GRANTS Defendant's request for judicial notice as to exhibits C, D, E, and H, which are court records filed in related proceedings. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks omitted). Because the Court does not rely on any of the other exhibits, Defendant's request for judicial notice is otherwise DENIED AS MOOT.

2

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A statute of limitation defense may be raised by a motion to dismiss if the running of the limitation period is apparent on the face of the complaint." *Vaughan v. Grijalva*, 927 F.2d 476, 479 (9th Cir. 1991). A motion to dismiss based on the running of the statute of limitations may be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "[F]ederal courts exercising diversity jurisdiction . . . use state statutes of limitation." *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992).

### B.  Termination Of Employment In Violation Of Public Policy Claim

Section 335.1 of the California Code of Civil Procedure provides for a two-year statute of limitations for wrongful termination claims. Defendant terminated Plaintiff's employment on September 19, 2009. Plaintiff filed this lawsuit on April 14, 2015. Therefore, Plaintiff's claim for wrongful termination in violation of public policy is time-barred on its face, unless the doctrine of equitable tolling applies.

#### 1.  Equitable Tolling

Under California law, equitable tolling "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008) (internal quotation marks omitted). Equitable tolling applies whether the alternative remedies are voluntary or required. *Id.* at 101. The doctrine "serves the need for harmony and the avoidance of chaos in the administration of justice" and

"eases the pressure on parties concurrently to seek redress in two separate forums with the attendant danger of conflicting decisions on the same issue." *Id.* at 100. "By alleviating the fear of claim forfeiture, it affords grievants the opportunity to pursue informal remedies, a process we have repeatedly encouraged." *Id.* Moreover, "tolling benefits the court system by reducing the costs associated with a duplicative filing requirement, in many instances rendering later court proceedings either easier and cheaper to resolve or wholly unnecessary." *Id.* Equitable tolling "require[s] a showing of three elements: timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Id.* at 102 (internal quotation marks omitted).

Plaintiff argues that her claim for wrongful termination was equitably tolled while she pursued her termination grievance under the terms of the Collective Bargaining Agreement, to which both Defendant and Plaintiff's Union were parties. Plaintiff alleges that she filed a grievance with the Union for wrongful termination after Defendant terminated her employment in September 2009. Complt. ¶ 34. Plaintiff further alleges that "[t]he Collective Bargaining Agreement requires the completion of the internal grievance process as a prerequisite for filing an employment claim against DEFENDANT in civil court." *Id.* ¶ 36. The Union allegedly did not finally conclude Plaintiff's termination grievance until November 14, 2014. *Id.* ¶ 37. Therefore, based on the allegations in the complaint, if Plaintiff's claim for unlawful termination was equitably tolled during the pendency of her termination grievance, she filed her complaint well within the two-year statute of limitations.[2]

The Court finds that Plaintiff has sufficiently alleged that her unlawful termination claim was equitably tolled while her termination grievance was pending with the Union. Construing the

---

[2] Defendant contends that even if Plaintiff's claim for unlawful termination was equitably tolled, such tolling ceased in August 2012, when Plaintiff filed a lawsuit for breach of the duty of fair representation against the Union. Dkt. No. 11, Ex. H. However, in August 2012, Plaintiff's lawsuit against the Union related solely to her sexual harassment grievance. *Id.* The lawsuit did not encompass the termination grievance until Plaintiff amended her complaint against the Union on August 27, 2014. *Id.* Ex. C. Thus, based on the allegations in the complaint and the documents properly subject to judicial notice, the termination grievance appears to have concluded in August 2014, at the earliest. Plaintiff's claim was filed eight months later, still well within the two-year statute of limitations.

allegations in the light most favorable to Plaintiff, she was required to complete the internal grievance process outlined in the Collective Bargaining Agreement before filing a civil suit against Defendant. As such, the statute of limitations did not run from September 2009 until August 2014, at the earliest.

Even if Plaintiff's choice to pursue the internal grievance process rather than a civil suit was voluntary, her claim would still be equitably tolled because Plaintiff's allegations indicate that all three of the *McDonald* factors are satisfied. First, Defendant was on notice that Plaintiff had filed a termination grievance under the terms of the Collective Bargaining Agreement as early as September 2009, which is clearly timely. *See McDonald*, 45 Cal. 4th at 102 ("The filing of an administrative claim, whether mandated or not, affords a defendant notice of the claims against it so that it may gather and preserve evidence, and thereby satisfies the principal policy behind the statute of limitations.").[3] Second, Defendant has not identified any prejudice it would suffer aside from the delayed filing of this suit. Of course, such "prejudice" is always present in cases involving equitable tolling. Finally, as to the third *McDonald* factor, Plaintiff acted reasonably by waiting to file suit in the hopes that her termination grievance could be resolved outside of court. *See id.* at 105 ("These procedures thus afford [the parties] a full opportunity to formally or informally resolve a dispute in a way that will, in many cases, minimize or eliminate entirely the need for further judicial proceedings.").

Defendant's arguments to the contrary are not persuasive. First, Defendant argues that the equities do not weigh in Plaintiff's favor because she was at all times represented by counsel. The Court is unaware of—and Defendant does not cite to—any authority holding that Plaintiff's legal representation, or lack thereof, is relevant to the equitable tolling issue.

Second, Defendant seems to suggest that Plaintiff's filing of a separate lawsuit against Defendant in February 2011 that did not challenge her employment termination is indicative of

---

[3] Defendant's argument that timely notice is not satisfied here because it did not hear anything more about the arbitration of the termination grievance after November 2012 is a factual dispute inappropriate for resolution at the motion to dismiss stage. The Court therefore does not rely on the letters submitted by Plaintiff for purposes of this motion and DENIES AS MOOT Plaintiff's request for judicial notice. Dkt. No. 17-1.

5

bad faith. This confuses the issue. Plaintiff's 2011 lawsuit brought sexual harassment claims against Defendant. Dkt. No. 11, Ex. D. As alleged in the present complaint, Plaintiff's termination grievance was still pending with the Union at that time and did not conclude until November 2014. Therefore, based on the facts alleged, Plaintiff's legal claims related to her unlawful termination continued to be equitably tolled while her termination grievance was outstanding, despite her independent pursuit of a legal remedy for her sexual harassment claims.

Third, Defendant argues that the statute of limitations was not tolled by analogizing the Union grievance process to a DFEH administrative charge, which California courts have held does not equitably toll an unlawful termination claim. *See Mathieu v. Norrel Corp.*, 115 Cal. App. 4th 1174, 1189-90 (2004); *Heath v. AT&T Corp.*, No. 05-cv-00719-VRW, 2005 WL 2206498, at *6-7 (N.D. Cal. Sept. 12, 2005). But the holdings in the cases cited by Defendant were limited specifically to DFEH administrative proceedings, and *McDonald* and its progeny address circumstances more analogous to the present one. The Court does not find the DFEH cases persuasive in this context.

Finally, Defendant argues that Plaintiff's February 2011 lawsuit against it was dismissed because the state court ruled that the doctrine of equitable tolling did not apply to Plaintiff's claims. This assertion is incorrect. The state court held:

> Here, the rule set out in *McDonald* that claims are "equitably tolled while the employee and employer pursue resolution of any grievance through an internal administrative procedure[]" applies with respect to the claims made against ATT. ATT's position that equitable tolling does not apply to grievances made under a collective bargaining agreement would cut against the rational[e] stated by the California Supreme Court.

Dkt. No. 11, Ex. E (internal citations omitted).

Based on the allegations in the complaint and those judicial documents properly subject to judicial notice, Plaintiff's claim for unlawful termination was equitably tolled during the pendency of her termination grievance with the Union. As a result, the Court cannot conclude at this stage that the claim is time-barred as a matter of law.

### C. LMRA § 301 Claim

A six-month statute of limitations applies to hybrid § 301 claims.[4] *DelCostello v. Int'l Bhd. Teamsters*, 462 U.S. 151, 172 (1983). To prevail on a hybrid § 301 claim, a plaintiff must show that (1) her termination was contrary to the terms of the collective bargaining agreement; and (2) the union breached its duty of fair representation.

Defendant contends that Plaintiff's second cause of action is time-barred. The Court agrees. Plaintiff's hybrid § 301 claim accrued on August 27, 2014, when Plaintiff filed her first amended complaint against the Union and alleged that, with respect to the termination grievance, "there is no reason to believe that the UNION will provide PLAINTIFF with the fair representation to which she is entitled, and any further efforts by PLAINTIFF to reverse the UNION's decision or conduct would be futile and/or inadequate." Dkt. No. 11, Ex. C ¶ 59. Because Plaintiff did not file her claim until eight months later (two months after the expiration of the statute of limitations), this cause of action is time-barred. The Court therefore dismisses Plaintiff's second cause of action with prejudice.

### III. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. Additionally, the Court sets a case management conference for September 29, 2015, at 2:00 p.m. in Courtroom 15, 18th Floor, 450 Golden Gate Avenue, San Francisco. The parties shall meet and confer regarding the coordination of this case with *McEnroe v. Local 9400, Communication Workers of America, AFL-CIO et al*, Case No. 14-cv-03461-HSG, and file a joint statement by September 22, 2015 setting out a plan for coordinating the cases.

**IT IS SO ORDERED.**

Dated: 9/3/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] Defendant argues that Plaintiff's breach of contract claim is preempted by § 301 of the Labor Management Relations Act because that claim is founded directly on provisions of the Collective Bargaining Agreement. Plaintiff does not dispute this point, and agrees that the claim should be recharacterized as a "hybrid" § 301 claim.