March 10, 2016

Re:     **Sara McEnroe v. AT&T Mobility Services LLC**
        **USDC - Northern District of California, Case No. C15-02190 HSG**

Dear Honorable Haywood S. Gilliam, Jr.:

In accordance with the Court's Civil Standing Order, Defendant AT&T Mobility Services LLC ("Defendant" or "Mobility") and Plaintiff Sara McEnroe ("Plaintiff") (collectively, "the Parties") have met and conferred regarding the following discovery dispute and are unable to reach a resolution. The Parties hereby submit this joint letter brief for your consideration.

   I.   **Plaintiff's Position**

Pursuant to the Court's Standing Order regarding discovery disputes, Plaintiff Sara McEnroe ("Plaintiff") writes to respectfully request that the Court order Defendant respond to discovery regarding the investigation of McEnroe's sexual harassment allegation. Plaintiff worked for AT&T Mobility Services from November 2007 to September 2009. During this time, she was sexually harassed by her supervisor Farooq Syed. As a response to that harassment, Plaintiff missed several days of work. Defendant terminated her for job abandonment. Plaintiff's cause of action is "Termination of Employment in Violation of Public Policy". Plaintiff's claim does not rest in FEHA. Rather, it rests in the non-statutory cause of action for wrongful termination of public policy. Defendant now refuses to answer written discovery by stating, "Plaintiff lost her 2011 Sonoma Lawsuit and there is already a judgment against Plaintiff for her FEHA-based causes of action. Plaintiff cannot resurrect her prior FEHA- related claims to attempt to get a second bite at the apple." Here, Plaintiff's common law cause of action for wrongful termination is not within FEHA. Plaintiff contends her wrongful termination is twofold. First, Plaintiff contends that she was terminated based on job abandonment stemming for unexcused absences that were a result of the sexual harassment she endured at work. Secondly, Plaintiff contends Defendant further violated public policy by terminating her when she was out on disability.

The heart of this issue is whether Plaintiff's sexual harassment claims are relevant to this case and wrongful termination against public policy. Defendant asserts that Plaintiff is simply litigating her prior sexual harassment case and therefore the request seeking a PMK regarding policies, procedures, training and investigations of sexual harassment is unduly burdensome and oppressive. Further, Defendant refuses to respond to written discovery requests regarding the investigation of Plaintiff's sexual harassment grievance. Plaintiff offers the information provided below to support her position that this is not burdensome and is wholly relevant to her claim for wrongful termination.

        **Relevance**

Plaintiff was terminated from AT&T for job abandonment/excessive absences. Here, Plaintiff is requesting this PMK deposition to discover the policies, procedures and investigatory standards for sexual harassment complaints. Defendant does not believe this is relevant and will not produce this PMK. Plaintiff contends that she was wrongfully terminated because her absences stem from being out on medical leave, caused by the sexual harassment that she endured at work. Here, Plaintiff contends that AT&T did not properly investigate her claim for sexual harassment. Rather, her sexual harassment claim was briskly "reviewed" and AT&T failed to

Hon. Haywood S. Gilliam                                                                                   March 9, 2016
Case No. C15-01290 HSG                                                                                          Page 2

make any connection between Plaintiff's absences and her sexual harassment claim. The investigation, training, policies and procedures requested from this PMK outlines AT&T's expectations of their employees and management in handling complaints for sexual harassment.

Plaintiff is not trying to re-litigate her sexual harassment claim.  Here, it is not about the truthfulness of the sexual harassment, but rather the *handling* of the complaint (or lack thereof) and how that lead to her wrongful termination.  Plaintiff bears the burden of proof regarding her claim of wrongful termination.  Plaintiff must prove that an employment relationship existed, AT&T terminated her, there was improper motivation and that she has been damaged.  Here, there is no dispute that AT&T and Plaintiff had an employment relationship and that on September 19, 2009 she was terminated.  Plaintiff must prove improper motivation, meaning that there was an unlawful and substantial motivating factor in AT&T's decision to terminate her. Plaintiff contends that Defendant violated public policy in terminating her for excessive/unexcused absences which stemmed from her sexual harassment and were documented by doctor's notes.  Further, Plaintiff contends she was terminated because she filed a sexual harassment complaint.

"The question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995). Federal Rule of Evidence 401 states that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Discovery of this information does not need to be admissible to be relevant. (*Oppenheimer Fund, Inc. v. Sanders* (1978) 437 US 340, 351-352)(FRCP 26(b)(1). "The Court must weigh the burden of discovery against its likely benefits. Fed. R. Civ. P. 26(b)(2)(C)(iii).  In doing so, the Court considers "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving those issues." (*In re Cathode Ray Tube (CRT) Antitrust Litig.* (N.D.Cal. 2014) 301 F.R.D. 449, 454.)

Plaintiff has sought this information in another way.  Plaintiff deposed Suzanne Brennan, the Defendant's Human Relations Manager who provided input in reviewing Plaintiff's sexual harassment claim.  Ms. Brennan's testimony was evasive at best.  When questioned about her role in reviewing Plaintiff's sexual harassment claim, she testified that she reviewed the manager's discussion log.  These logs were authored by Travis LePlante, the AT&T Store Manager who conducted the investigation for the sexual harassment claim.  These logs recorded the interviews Mr. LePlante conducted on Plaintiff's sexual harassment claim. However, when asked whether she believed Plaintiff's statement from the log that the alleged harasser said he needed two wives to fulfill his sexual appetite, was a claim for sexual harassment, defense counsel objected that Ms. Brennan has not been designated as a PMK, it called for speculation as to what AT&T would think and lacks foundation.  Ms. Brennan responded to this query by stating, "I don't know."  Plaintiff needs to know whether or not AT&T believed her claim to be sexual harassment.  Further, Plaintiff must determine the policies and procedures implemented by AT&T regarding how they train their management to respond to sexual harassment claims.

Here, the evidence of the policies, procedures, investigation and training regarding sexual harassment claims relates to Plaintiff's claim of wrongful termination. While there is an overlapping of facts between Plaintiff's suit for sexual harassment and this case, this does not cause this information to be irrelevant. Therefore, the two issues of sexual harassment and termination cannot be separated.

Plaintiff respectfully requests that this Court determine the investigation into Plaintiff's sexual harassment claim is relevant and order Defendant to comply with discovery (including written discovery requests) regarding the investigation, including Defendant producing a PMK regarding policies, procedures, training and investigations of sexual harassment.

## II.    Mobility's Position

This is not a sexual harassment case, a failure to prevent harassment case, or a failure to accommodate medical condition/disability case. If the Court were to read only Plaintiff's Complaint or the discovery requests at issue here, the Court might believe otherwise. However, there is background and a procedural history to this case which Plaintiff omitted from her Complaint, and that procedural history is highly relevant to this action, including this current discovery dispute.

Plaintiff alleges in her Complaint that she was hired by Mobility in November 2007 and terminated on September 19, 2009. She alleges that she was absent from the workplace from September 29, 2008 to March 31, 2009, then returned to work but went absent again until her termination. It is thus undisputed that in the 22 months Plaintiff was on Mobility's payroll, she was absent from the workplace for 12 of those months. Plaintiff alleges that she was told she was terminated based on her unexcused absences. (Complaint ¶¶ 8, 19, 21, 23, 32. 33).

Her only remaining cause of action is the tort of "Termination of Employment in Violation of Public Policy." Her Complaint concerns only a single Mobility retail store in Santa Rosa and alleged "harassment" by only one person (Farooq Syed). Plaintiff asserts that Mr. Syed harassed her and caused her anxiety and fear which she contends was a "disability," and that Mobility failed to prevent harassment and discrimination, and that Mobility failed to move her or Mr. Syed to different locations or shifts, and that because of all of that, that is the reason for her year-long absence, and that Mobility could not terminate her employment "when she was out on disability." The only other Mobility employee mentioned in Plaintiff's Complaint is "Store Manager, Travis." Plaintiff asserts that on or about August 19, 2008 she told "Travis" about alleged incidents involving Mr. Syed and indicated she was highly uncomfortable working with Mr. Syed and wanted a shift change, and that Travis "confronted Syed about his behavior toward McENROE" but Plaintiff did not get a shift change. (Complaint, ¶¶ 16-18). "Travis" is Travis LaPlante. Mr. LaPlante has not been employed with Mobility since October 2008. He was thus plainly not involved in Mobility's decision to terminate Plaintiff's employment in 2009.

Now we turn to the procedural history which Plaintiff omitted from her Complaint. She omitted that she filed a previous lawsuit against Mobility and Farooq Syed containing these same allegations, and had Judgment entered against her and in favor of Mobility and Mr. Syed on all of her allegations and claims. Plaintiff's February 8, 2011 lawsuit against Mobility and Mr. Syed contained three causes of action against them, all under the California Fair Employment and Housing Act ("FEHA"): (1) Harassment; (2) Failure to Prevent Harassment and Discrimination;

Hon. Haywood S. Gilliam                                                                    March 9, 2016
Case No. C15-01290 HSG                                                                          Page 4

and (3) Failure to Accommodate Medical Condition/Disability (which she alleged was anxiety and panic attacks). The court granted Defendants' motions for summary judgment on the ground of statute of limitations and Judgment was entered in favor of Defendants and against Plaintiff. The Court of Appeal affirmed the Judgment, concluding that "the suit was correctly dismissed as untimely." The California Supreme Court denied Plaintiff's Petition for Review.

While Plaintiff claims she is not trying to re-litigate her prior sexual harassment claim, her arguments prove otherwise.  Plaintiff contends that this PMK deposition and written discovery is relevant because Mobility did not properly investigate her claim for sexual harassment, which led to her being absent from work, which led to the termination of her employment.

By claiming that she is not trying to re-litigate her sexual harassment, Plaintiff implicitly concedes that she should not be allowed to.  Indeed she should not. The doctrine of res judicata precludes such an outcome.  "Res judicata prohibits the relitigation of claims and issues which have already been adjudicated in an earlier proceeding." *Kelly v. Vons Cos., Inc.*, 67 Cal. App. 4th 1329, 1335 (1998).   As explained by the California Supreme Court:

> Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date.  Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief.

*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002); *see also Peirce v. Baron*, 2015 WL 4508725 (E.D. Cal. June 24, 2015) ("Dismissal on the grounds that a case is barred by the statute of limitations is a judgment on the merits for purposes of res judicata"); *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064 (9th Cir. 2003) (same); *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 714 (9th Cir. 2001) (plaintiff's Title VII racial discrimination and harassment claims were barred under res judicata where plaintiff had already sued employer on various contract and tort claims based on same underlying events). The bottom line is that as a matter of law, Plaintiff cannot re-litigate her claims of harassment, failure to prevent harassment, or failure to accommodate.

But re-litigating her previous case is exactly what Plaintiff is trying to do here.  Plaintiff suggests this is not a re-litigation of her previous complaint because: "it is not about the truthfulness of the sexual harassment, but rather the *handling* of the complaint (or lack thereof) and how that lead to her wrongful termination." However, Plaintiff not only alleged a claim for sexual harassment in her earlier, dismissed complaint, but also claims for failure to prevent harassment and failure to accommodate related to her leave of absence post-complaint – i.e., the handling of her complaint and her ensuing extended absence from work.

The tort of "Termination of Employment in Violation of Public Policy" is not a viable cause of action on its own. It is a derivative cause of action dependent entirely on the outcome of the statutory "public policy" claims that are the basis of the tort. When those statutory "public policy" claims fail, so too does the derivative tort claim. *See, e.g.*, *Pratt v. Delta Air Lines, Inc.*, 2015 WL 2153397 (C.D. Cal. May 4, 2015); *Rossitto v. Safeway, Inc.*, 2014 WL 1047729 (N.D. Cal. March 17, 2014); *Jackson v. Simon Property Group*, 795 F. Supp. 2d 949 (N.D. Cal. June 17,

Hon. Haywood S. GilliamMarch 9, 2016
Case No. C15-01290 HSGPage 5

2011); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 2019 (1999). Simply put, Plaintiff cannot have a "do-over" of her FEHA allegations and claims under the guise of a tort claim.

With that background and well-settled law in mind, we turn to the specific discovery requests at issue. Plaintiff demands that Mobility go back in time several years and try to identify, search for, locate, and produce, all "documents" (which Plaintiff defines broadly and does not limit to the Santa Rosa retail store or to the few people involved in this case), concerning "policies and procedures ... related to investigation of sexual harassment claims made by employees"; "training materials for managers regarding investigation procedures for sexual harassment claims made by employees"; training materials for assistant managers regarding investigation procedures for sexual harassment claims"; "policies and procedures related to the retention of sexual harassment investigation files"; "sexual harassment training" for four individuals; "instructions or training on how to conduct 'verbal coaching' regarding claims of sexual harassment"; and "instructions or training on how to fill out a Manager Discussion log." In addition, Plaintiff demands that Mobility try to identify, search for, locate, and produce for deposition (which costs money for deposition transcripts in addition to time) several categories of "persons most knowledgeable" regarding those categories, i.e., policies and procedures regarding sexual harassments investigations, retention of investigations, and training procedures, for the long ago time period of July 2008 – September 2009.  All of that discovery is not relevant, is not proportional to the needs of the case, is overbroad, and the burden and expense of the proposed discovery far outweighs its likely benefit. *See* Exhibits A, B.

Plaintiff's claim requires that she prove that her employer's reason for her termination violated a well-established, substantial and fundamental, public policy that is delineated in either constitutional or statutory provisions that inures to the benefit of the public. *See, e.g., Stevenson v. Sup. Court*, 16 Cal. 4th 880, 897 (1997). So the issue in this case would be framed something like: Did Mobility's decision to terminate Plaintiff's employment in September 2009, after she had been absent for a year, violate a well-established substantial and fundamental public policy that is delineated in either constitutional or statutory provisions that inures to the benefit of the public. None of Plaintiff's discovery is relevant to that issue at all. Instead, her discovery relates to the claims for which Judgment has already been entered against her and in favor of Mobility and Farooq Syed. Her counsel even conceded in her February 18, 2016 meet and confer letter that it is Plaintiff's contention that "The two issues of sexual harassment and termination cannot be separated." Counsel conceded that they want this discovery to argue that Mobility did not properly investigate her claim for sexual harassment and Plaintiff's year-long absence stemmed from being out on medical leave caused by sexual harassment.

Defendant objects to its personnel, and also whomever might be designated as "persons most knowledgeable," being put through an expensive, unduly burdensome, and overbroad discovery ordeal that is not proportional to the needs of this case, and is not relevant to the actual legal issues in this case. Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Respectfully,
/s/  /s/
Jennifer Cotner, Attorney for Defendant
Michael Miller, Attorney for Plaintiff