UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA MCENROE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T MOBILITY SERVICES LLC,<br><br>　　　　Defendant. | Case No. 15-cv-02190-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY AND STAYING ALL DEADLINES**<br><br>Re: Dkt. Nos. 49, 54 |

Plaintiff has been represented by Perry, Johnson, Anderson, Miller, and Moskowitz LLP ("Counsel") since April 14, 2015. Dkt. No. 1. On March 24, 2016, Counsel moved to withdraw because Plaintiff has sued Counsel for professional negligence and breach of fiduciary duty in Sonoma County Superior Court. Dkt. No. 49 ("Motion") ¶¶ 2, 4. The Motion is unopposed. The Court held a hearing on April 7, 2016, at which Plaintiff and Counsel appeared, and GRANTED the Motion.

**I.   ANALYSIS**

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules also provide that when withdrawal of counsel is not accompanied by simultaneous appearance of substitute counsel or a party's agreement to appear pro se, the motion to withdraw can be granted on the condition that all papers from the court and from the opposing party shall continue to be served on current counsel for forwarding purposes until the client appears by other counsel or pro se. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24,

1  2009). California Rule of Professional Conduct 3–700(c) provides that an attorney may request
2  permission to withdraw if the client's "conduct renders it unreasonably difficult for the [attorney]
3  to carry out the employment effectively" or if the attorney "believes in good faith, in a proceeding
4  pending before a tribunal, that the tribunal will find the existence of other good cause for
5  withdrawal." The decision to grant or deny a motion to withdraw is within the Court's discretion.
6  *Id.*; *Gong v. City of Alameda*, No. C 03–05495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8,
7  2008).

8  Counsel has confirmed that he has taken reasonable steps to avoid prejudice to Plaintiff by
9  serving Plaintiff, through her attorney, written notice of Counsel's intention to withdraw. Mot.
10 ¶ 5.

11 On the record before the Court, the Court finds good cause to allow Counsel to withdraw
12 based on a breakdown of the attorney-client relationship. *See generally Adams v. City of*
13 *Hayward*, No. 14-CV-05482-KAW, 2015 WL 5316124, at *2 (N.D. Cal. Sept. 11, 2015) (granting
14 motion to withdraw). The record reflects that Plaintiff's state court action against Counsel for
15 professional negligence and breach of fiduciary duty renders it unreasonably difficult for Counsel
16 to carry out this employment effectively. Because Plaintiff has not yet engaged substitute counsel
17 or agreed to proceed pro se, the Motion is granted on the condition that Counsel continue to serve
18 Plaintiff with all papers from Defendant and the Court until Plaintiff files notice of a substitution
19 of counsel or intent to proceed pro se, as provided by Civil Local Rule 11–5(b).

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

## II. CONCLUSION

As explained on the record at the hearing, the Court GRANTS the motion to withdraw. Plaintiff has thirty days from the date of the hearing to retain substitute counsel if she can (and wishes to) do so. At the Case Management Conference set for May 10, 2016 at 2:00 p.m., Plaintiff must be prepared to proceed pro se (in other words, to represent herself) if she does not retain substitute counsel before that date. All deadlines in this action are hereby STAYED until further ordered of the Court, and the parties must be prepared to discuss the setting of a full pretrial and trial schedule at the Case Management Conference.

**IT IS SO ORDERED.**

Dated: 4/12/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

3