UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA MCENROE,<br><br>        Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY SERVICES LLC,<br><br>        Defendant. | Case No. 15-cv-02190-HSG<br><br>**ORDER DENYING DEFENDANT AT&T MOBILITY SERVICES LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 86 |

Plaintiff Sara McEnroe has one remaining claim in this lawsuit: wrongful termination in violation of public policy ("WTVPP"). *See* Dkt. No. 30 (*McEnroe v. AT&T Mobility Servs. LLC*, No. 15-CV-02190-HSG, 2015 WL 5168671 (N.D. Cal. Sept. 3, 2015) (denying motion to dismiss on WTVPP claim and granting motion to dismiss on other claim)). Defendant AT&T Mobility Services LLC has moved for summary judgment on Plaintiff's WTVPP claim. *See* Dkt. No. 86 ("Mot."). The motion is fully briefed and the Court has heard oral arguments. *See id.*; Dkt. No. 91-1 ("Opp."); Dkt. No. 93 ("Reply"); Dkt. Nos. 95-96. After careful consideration of the briefs, oral argument, and legal authorities, the Court **DENIES** Defendant's motion.

I.    **LEGAL STANDARD**

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), and "may not weigh the evidence

or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (internal quotation marks omitted); *see also Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985) ("Even where the basic facts are stipulated, if the parties dispute what inferences should be drawn from them, summary judgment is improper."). If a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it may enter partial summary judgment. *See* Fed. R. Civ. P. 56(a).

With respect to summary judgment procedure, the moving party always bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that any reasonable trier of fact would have to find in its favor. *See Celotex*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102-03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."

2

*Matsushita Elec.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment," because the duty of the courts is not to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If a nonmoving party fails to produce evidence that supports its claim or defense, courts must enter summary judgment in favor of the moving party. *Celotex*, 477 U.S. at 323.

## II. DISCUSSION

Defendant moves for summary judgment on Plaintiff's WTVPP claim on five separate grounds: (1) the doctrine of *res judicata* bars her claim; (2) the statute of limitations bars her claim; (3) the doctrine of laches bars her claim; (4) her claim fails because it is premised on the Fair Employment and Housing Act ("FEHA"), and summary judgment was already granted in her prior lawsuit alleging statutory FEHA claims; and (5) Defendant has articulated a legitimate nondiscriminatory reason for terminating Plaintiff and Plaintiff cannot establish pretext. *See* Mot. 11-25. The Court finds that summary judgment would be inappropriate on each of these grounds, for the reasons described below.

### A. Res Judicata

"Under California law, the doctrine of *res judicata* gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy." *Franceschi v. Franchise Tax Bd.*, 1 Cal. App. 5th 247, 257 (2016) (original emphasis) (internal brackets and quotation marks omitted), *review denied* (Sept. 21, 2016).[1] *Res judicata* bars the relitigation of a cause of action only if three requirements are met, among them that "the present action is on the same cause of action as the prior proceeding." *Id.* at 257.[2] California courts define "cause of action" under the "primary right" theory. *See id.* at 257-58. "The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory

---

[1] Pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738 (2012), federal courts must "apply the *res judicata* rules of a particular state to judgments issued by courts of that state." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). Thus, the Court applies "California law of *res judicata* to the California judgment" at issue in this case. *See id.* at 322.

[2] The Court does not discuss the two other requirements for *res judicata* because the Court's holding regarding the "same cause of action" requirement is dispositive.

3

1    (common law or statutory) advanced." *Id.* at 257. "[W]hether the same facts are involved in both

2    suits is not conclusive." *Id.* at 258.

3          Here, Defendant argues that, under the doctrine of *res judicata*, Plaintiff's WTVPP claim

4    in this lawsuit, originally filed in state court on April 14, 2015, is barred by the grant of summary

5    judgment in Plaintiff's prior lawsuit, filed in state court on February 8, 2011 and alleging several

6    statutory FEHA claims. *See* Mot. at 11-16; *see also* Dkt. No. 1, Ex. A ("2015 Compl."); Dkt. No.

7    87, Request for Judicial Notice ("RJN") ¶¶ 1, 4-6 & Exs. A, D-F ("2011 Compl.").[3] The Court

8    disagrees because the two lawsuits sought redress for different harms. *See Franceschi*, 1 Cal.

9    App. 5th at 257. For example, the instant case seeks to redress the harm of allegedly being

10   terminated in retaliation for complaints about harassment by her supervisor, whereas Plaintiff's

11   2011 lawsuit sought to redress the preceding harm of working in an allegedly hostile environment

12   resulting from harassment by her supervisor and Defendant's failure to prevent it. *Compare* 2015

13   Compl. ¶ 44 *with* 2011 Compl. ¶¶ 30-34. Therefore, the suits involve different primary rights,

14   despite overlapping facts. *See Franceschi*, 1 Cal. App. 5th at 257-58. Since the two suits were not

15   "on the same cause of action," *res judicata* does not apply. *See id.* at 257.

16       **B.**    **Statute of Limitations**

17         Section 335.1 of the California Code of Civil Procedure provides a two-year statute of

18   limitations for WTVPP claims. *See Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174, 1189 n.14

19   (2004). The cause of action accrues on the date the employee is terminated. *Romano v. Rockwell*

20   *Int'l, Inc.*, 14 Cal. 4th 479, 501 (1996). It is undisputed that Plaintiff was terminated on

21   September 19, 2009, and did not file this lawsuit until April 14, 2015, long after the two-year

---

[3] The California Superior Court granted summary judgment in the 2011 suit on the ground that Plaintiff filed after the statute of limitations had run on her FEHA claims. *See* RJN ¶¶ 4-6 & Exs. D-F. The California Court of Appeal affirmed the grant of summary judgment and the California Supreme Court denied Plaintiff's petition for review. *See* RJN ¶¶ 7, 8 & Exs. G, H. Defendant asks the Court to take judicial notice of a variety of documents. *See* RJN & Exs. A-M. The Court **GRANTS** Defendant's request for judicial notice as to exhibits A, D, E, F, G, and H, which are court records filed in a related proceeding. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks omitted)). Because the Court does not rely on any of the other exhibits, Defendant's request for judicial notice is otherwise **DENIED AS MOOT**.

1    statute of limitations ran.  *Compare* Mot. 5, 11, 14 *with* Opp. 5, 7.  Thus, the issue is whether

2    equitable tolling could apply to save her claim.

3            Equitable tolling "applies when an injured person has several legal remedies and,

4    reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45

5    Cal. 4th 88, 100 (2008) (internal quotation marks omitted).  *Id.* at 100.  Equitable tolling applies

6    whether the alternative remedies are voluntary or required.  *Id.* at 101.  Equitable tolling applies

7    during the pendency of a labor grievance procedure.  *See Marcario v. Cty. of Orange*, 155 Cal.

8    App. 4th 397, 399, 401, 407-09 (2007); *see also McDonald*, 45 Cal. 4th at 103 (citing *Marcario*

9    favorably).  Under California law, equitable tolling "require[s] a showing of three elements: timely

10   notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part

11   of the plaintiff."  *McDonald*, 45 Cal. 4th at 102 (internal quotation marks omitted).  This three-part

12   test is "fact-intensive" and "ordinarily requires reference to matters outside the pleadings," such

13   that it is "more appropriately applied at the summary judgment or trial stage of litigation."

14   *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

15           "The timely notice requirement essentially means that the first claim must have been filed

16   within the statutory period."  *Id.* at 102 n.2 (quoting *Collier v. City of Pasadena*, 142 Cal. App. 3d

17   917, 924 (1983)).  Here, the parties do not dispute that Plaintiff's union filed her wrongful

18   termination grievance on September 19, 2009, the day of her termination and well within the

19   statute of limitations.  *Compare* Mot. 5 *with* Opp. 6; *Mathieu*, 115 Cal. App. 4th at 1189 n.14

20   (two-year statute of limitation); *Romano*, 14 Cal. 4th at 501 (accrual begins at termination).

21   Notice was therefore timely, if that grievance claim met the other requirements for equitable

22   tolling to apply.  *See McDonald*, 45 Cal. 4th at 102 n.2.

23           The "lack of prejudice" requirement

> essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second. . . . The critical question is whether notice of the first claim affords the defendant an opportunity to identify the sources of evidence which might be needed to defend against the second claim.

27   *Collier*, 142 Cal. App. 3d at 925; *see also McDonald*, 45 Cal. 4th at 102 n.2 (citing *Collier*

28   approvingly).  Here, the Court finds that summary judgment is inappropriate because divergent

inferences may reasonably be drawn regarding prejudice from the undisputed facts. *See Fresno Motors*, 771 F.3d at 1125. For example, reasonable minds could differ on whether the wording of Plaintiff's wrongful termination grievance, *see* Dkt. No. 86-2, Conway Decl., Ex. C ("Termination without just cause. Denied disability."), was sufficiently specific to put Defendant on notice that Plaintiff would later bring a WTVPP claim.

Finally, the "good faith and reasonable conduct" requirement "is less clearly defined," though the California Supreme Court has "stress[ed] that the plaintiff filed his second claim a short time after tolling ended." *McDonald*, 45 Cal. 4th at 102 n.2 (quoting *Collier*, 142 Cal. App. 3d at 926). As illustrated by the following examples, there is a dispute of material fact regarding whether Plaintiff acted reasonably and in good faith by delaying for over five years the filing of the instant suit. On one hand, the union notified Plaintiff on multiple occasions between 2012 and 2015 that it would not arbitrate her termination grievance. *See* Dkt. No. 86-10 ("Salaam Decl.") ¶¶ 26, 30, 31, 33, 34; Dkt. No. 86-11, Ex. L (October 26, 2012 email from union's staff representative); *id.* Ex. O (April 22, 2014 letter from union's staff representative); *id.* Ex. P (August 14, 2014 letter from union's district vice president); Ex. R (November 14, 2014 letter from union's president); *id.* Ex. S (February 25, 2015 letter from union's executive board). On the other hand, the union's communications repeatedly gave Plaintiff notice of her right to appeal, which she exercised, and Plaintiff did not receive notice that the internal union grievance procedure and appeals process had been exhausted until February 25, 2015, less than two months before Plaintiff filed suit on April 14, 2015. *See* Salaam Decl. ¶¶ 26, 30-34; Dkt. No. 86-11, Exs. L, O-S; 2015 Compl. Thus, the Court cannot say at this stage that no reasonable fact finder could conclude that she acted reasonably and in good faith, despite the many years that passed between the filing of her grievance and the filing of the instant suit.

For the foregoing reasons, summary judgment is not appropriate under the theory that Plaintiff's WTVPP claim is time-barred.

### C.  Laches

"Laches is an equitable, affirmative defense which requires a showing of both an unreasonable delay by the plaintiff in bringing suit, plus either acquiescence in the act about which

1    plaintiff complains or prejudice to the defendant resulting from the delay." *Highland Springs*

2    *Conference & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 282 (2016) (internal

3    quotation marks omitted), *review denied* (Apr. 27, 2016); *Johnson v. City of Loma Linda*, 24 Cal.

4    4th 61, 68 (2000) (same).  There is a dispute of material fact regarding whether Plaintiff acted

5    unreasonably in delaying her suit.  *See supra* Part II.B.  Therefore, Defendant is not entitled to

6    summary judgment under the theory of laches.[4]

### D. Failure of Underlying FEHA Claims

As described above, Plaintiff's prior suit alleging FEHA claims was dismissed on the ground that the statute of limitations had run.  *See supra* note 3.  Defendant argues that, therefore, Plaintiff's WTVPP claim premised on FEHA fails as a matter of law.  *See* Mot. 23 ("[W]hen, as here, a plaintiff's tort claim is predicated on the public policy delineated in the FEHA and the plaintiff's statutory FEHA claims fail, so too must the derivative tort claim.")  But none of the cases cited by Defendant in support of this proposition are on all fours with Plaintiff's case because the underlying claims were not dismissed on statute of limitations grounds.  *See Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1353-54 (9th Cir. 1996); *Holtzclaw v. Certainteed Corp.*, 795 F. Supp. 2d 996, 1010-21 (E.D. Cal. 2011); *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 334-35, 342-55 (2008); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 225-29 (1999).

California law also does not support Defendant's argument.  The California Supreme Court has held that:

> [W]hen a plaintiff relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition, *but the common law claim is not subject to statutory procedural limitations affecting only the availability and scope of nonexclusive statutory remedies*.

*Stevenson v. Superior Court*, 16 Cal. 4th 880, 904 (1997) (emphasis added).  The California Supreme Court gave an example illustrating this distinction:

> [A] worker must be over the age of 40 at the time of the alleged

---

[4] The Court does not reach the issue of "acquiescence" because there is a dispute of material fact regarding "unreasonable delay," and the latter is an essential element for the defense of laches. *See Highland Springs*, 244 Cal. App. at 282.

7

> discrimination to rely upon the FEHA's policy against age discrimination in employment because the over-40 limitation of the FEHA is a statutory limitation affecting the nature and scope of the statutory prohibition. [¶] By contrast, a common law tort claim for wrongful termination in violation of the public policy against age discrimination articulated in the FEHA is not subject to the FEHA's requirement that an employee exhaust administrative remedies before seeking judicial relief because that requirement does not affect the nature and scope of the prohibition but only the availability and scope of the statutory remedies. An employee's post-termination failure to exhaust administrative remedies has no bearing on whether the termination violated the public policy expressed through the statutory prohibition against age discrimination, and thus the employee's post-termination administrative default does not preclude assertion of a nonstatutory tort claim for wrongful termination in violation of public policy.

*Id.* at 905 (internal quotation marks and citation omitted).

The reasoning of *Stephenson* suggests that the running of FEHA's statute of limitations is a "statutory procedural limitation affecting only the availability and scope of nonexclusive statutory remedies," not the availability of a common-law WTVPP claim. *See id.* at 904. FEHA's statute of limitations, unlike the over-40 limitation, does not bear on the nature and scope of FEHA's prohibitions. *See id.* at 905. Instead, like the administrative exhaustion requirement, the statute of limitations impacts only the availability and scope of FEHA's remedies. *See id.* at 905. Moreover, an employee's post-termination failure to file before FEHA's statute of limitations has run, like an employee's post-termination failure to exhaust administrative remedies, does not impact whether the termination violated FEHA's public policy, and therefore should not bar an employee from bringing a WTVPP claim. *See id.*

Accordingly, summary judgment is not warranted on this ground.

### E. Violation of a Public Policy under FEHA

A claim for WTVPP has four elements: (1) the plaintiff was employed by the defendant; (2) the defendant discharged the employee; (3) the violation of public policy motivated the discharge; and (4) the discharge caused the plaintiff harm. *See Haney v. Aramark Unif. Servs., Inc.*, 121 Cal. App. 4th 623, 641 (2004). Defendant's motion challenges the third element. *See* Mot. 24-25. Specifically, Defendant argues that it articulated a legitimate nondiscriminatory reason for terminating Plaintiff (job abandonment) and Plaintiff failed to establish pretext. *See id.*

8

In essence, Defendant argues that Plaintiff cannot establish a WTVPP claim because Defendant did not violate FEHA's public policy prohibiting disability discrimination. *See id.* & n. 3.

In opposition, Plaintiff argues that she has raised a dispute of material fact regarding whether her termination was retaliatory. *See* Opp. 13-15. In reply, Defendant suggests that Plaintiff is raising retaliation for the first time in opposition. *See* Reply 14 ("Plaintiff has been all over the map as to what she contends is the alleged 'public policy' supporting her wrongful termination claim, but the Opposition now indicates that she may be landing on a theory of retaliation.") Defendant then argues in reply that Plaintiff has failed to show that Defendant violated FEHA's public policy prohibiting retaliation. *See* Reply 14-15.

The face of Plaintiff's complaint reflects that her WTVPP claim is premised, at least in part, on FEHA's public policy prohibiting retaliation. *See, e.g.*, 2015 Compl. ¶ 44 ("DEFENDANT terminated McENROE because of her repeated complaints of harassment and a hostile work environment."); *id.* ¶ 45 ("DEFENDANT violated public policy by punishing McENROE with termination based on her grievance for sexual harassment and her repeated requests not to work with her harasser, Syed."). Defendant's motion for summary judgment failed to address whether her WTVPP claim can be premised on FEHA's public policy prohibiting retaliation. *See* Mot. 24-25. Defendant cannot raise such arguments for the first time in reply. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (refusing to consider defense of novation under the "well established" principle that a party "cannot raise a new issue for the first time in the reply brief"); *Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1995) (ruling that issues not raised in opening brief may not properly be raised for the first time in reply brief). Summary judgment is denied on this ground as well.[5]

//

//

---

[5] Given the long period of time that elapsed between Plaintiff's August 2008 complaint to her supervisor and her September 2009 termination, Plaintiff may face a substantial evidentiary challenge at trial in establishing the requisite "causal link" between the protected activity and the adverse action.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: 12/20/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge